**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal Case No. 2:23cr00001-007 |
| v. ) | |
| ) | **REPORT AND** |
| **DARIN KENT THOMAS,** ) | **RECOMMENDATION** |
| Defendant. ) | |

### I.     Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### II.     Facts

The defendant has been charged in a multi-defendant, multi-count Indictment. On March 7, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered pleas of guilty to Counts Two and Four of the Indictment, charging him with conspiracy to distribute and/or possess with intent to distribute heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possession or use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

At this hearing, the defendant was placed under oath and testified that he is 38 years old, and he had completed high school. The defendant testified that he reads

and writes the English language. The defendant stated that he had no history of mental health problems. The defendant testified that, at the time of his arrest on January 19, 2023, he was abusing and/or addicted to heroin and methamphetamine. The defendant stated that he has not abused any substances while in custody since January 18, 2023.   He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Indictment. He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea.   The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his pleas are accepted, he will be adjudged guilty of the offenses

and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that one of the offenses with which he is charged is a drug offense and that, if his plea to this charge is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offenses with which he is charged. In particular, the defendant stated that he understood that the firearm offense carried a mandatory minimum sentence of 5 years' imprisonment, which must be served consecutively to any other term of imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case.  The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case.  The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the

Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant also testified that he was agreeing that Sentencing Guideline 2D1.1(c) should apply to his case for a base offense level of 24 based on at least 100 grams, but not more than 400 grams, of heroin.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty pleas are accepted:

i.   The right to plead not guilty to any offense charged against him;
ii.  The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
iii. The right of assistance of counsel;
iv.  The right to see, hear and cross-examine witnesses;
v.   The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
vi.  The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no

complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his pleas and asked the court to accept his pleas of guilty to Counts Two and Four of the Indictment.

The Government presented the following evidence regarding the offense with which the defendant is charged:

**As to Count Two**: Between September 1, 2021, and July 26, 2022, the defendant and others, knowingly and intentionally conspired to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing heroin in Lee County, Virginia.

The evidence would show that during the relevant period, co-conspirator David Farmer introduced the defendant to co-conspirators Billy King and Billie McGuire for the purpose of purchasing heroin for both personal use and resale. The defendant purchased heroin from Farmer, King and McGuire during the time of the charged conspiracy, including on at least one occasion, when lead co-conspirator Robert Warr was present for the drug transaction. The evidence would show that King and his wife, McGuire, were selling significant quantities of heroin to customers located in Lee County, Virginia, which is within the Western District of Virginia. When the defendant purchased heroin from King and McGuire, he would have two separate orders—one for himself and one for another individual.

The evidence would show that the defendant had knowledge of the objectives and scope of the conspiracy and knowingly and

voluntarily participated in it.

**As to Count Four**: the evidence would show that between September 1, 2021, and July 26, 2022, the defendant knowingly possessed a firearm in furtherance of the charged conspiracy to distribute and possess with intent to distribute heroin within the Western District of Virginia. Specifically, the evidence would show that in May 2022, the defendant traded a Kimber revolver to co-conspirator Farmer in exchange for heroin. The same Kimber revolver subsequently was traded by co-conspirator Farmer to co-conspirator King in exchange for methamphetamine. The evidence would show that the Kimber Revolver traded by the defendant to Farmer, and, then, to King, was sold by King to an uncover agent as part of a controlled purchase of heroin and methamphetamine on June 2, 2022, in Lee County, Virginia. The evidence would show that the Kimber Revolver was not the only firearm the defendant traded Farmer during the time of the charged conspiracy.

After the Government presented its summary of this evidence, the defendant stated that he agreed that the Government could present this evidence at trial, and he had no dispute or objection to the Government's summary of its evidence.

### PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas;
2. The defendant is aware of the nature of the charges and the consequences of his pleas;
3. The defendant knowingly and voluntarily entered pleas of guilty to Counts Two and Four of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's pleas of guilty to Counts Two and Four of the Indictment and adjudge him guilty of those offenses.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   This 7th day of March, 2023.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE